**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1807
_____

JOHN HART,
Appellant

v.

CHRISTOPHER H. OPPMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; GILMORE, CORRECTIONAL OFFICER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; C. J. MCKEOWN, INDIVIDUALLY AND HIS
OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; MICHAEL  MAHLMEISTER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; LISA GRAVES,
INDIVIDUALLY AND IN HER CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BRIAN THOMPSON,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; ROBIN LEWIS,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BROMLEY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; ROBERT GRAVES,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; PAUL G. THERIAULT,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DORINA VARNER,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DENISE THOMAS,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; GERALD ROZUM,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JACK LOUGHRY,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOSEPH JOZEFCZYK,

INDIVIDUALLY AND HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOSEPH DUPONT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MELANIE PYLE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOSEPH BIANCONI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BARRY GRUBB, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; EDWARD MULLIGAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DAVID CLIPPINGER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MICHAEL WENEROWICZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; STEPHEN CAMPBELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; E. PETERSON, INDIVIDUALLY AND IN HER OFFICIAL CAPCITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JEAN WAMPFLER, INDIVIDUALLY AND HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-01367)
District Judge: Honorable Petrese B. Tucker

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2017
Before: GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 24, 2017)
———————

OPINION[*]
———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Hart appeals pro se from the District Court's order denying his motion to vacate an earlier order of the District Court that had dismissed his case for lack of prosecution. We will vacate the judgment and remand for further proceedings.

Hart brought a civil rights suit in the District Court in March 2014 against officials at multiple state correctional institutions where he had been imprisoned. Hart had difficulty serving the defendants. Eventually, in October 2015, the District Court dismissed the case for lack of prosecution. In March 2016, Hart filed a detailed motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate that dismissal order, in which he set out his various efforts to effectuate service. The District Court denied that motion four days later without providing any reasoning or analysis. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] The District Court's underlying dismissal order is not before this Court at this time. Hart did not appeal directly from the dismissal order, and instead filed a motion to vacate just over five months later. An appeal from the denial of a Rule 60(b) motion is not itself an appeal from the final judgment dismissing the case, and does not toll the time to appeal the underlying dismissal order unless it is filed within 28 days of that judgment. Fed. R. App. P. 4(a)(4)(A)(vi); cf. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004). Therefore, whether the District Court abused its discretion when it initially dismissed Hart's case is not at issue in this appeal.

---

[1] The District Court did not provide any discussion in its order, but the context indicates that the District Court likely intended to issue a final, appealable order.

3

The District Court's denial of the motion to vacate, of course, presents a different situation, as Hart appealed directly from that order. Hart's motion to vacate raised excusable neglect as a basis for relief from the District Court's dismissal order. A district court may relieve a party from a final judgment because of: "(1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). The assessment of whether a party's "neglect is 'excusable is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (quoting Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995)). When assessing a Rule 60(b)(1) motion that invokes excusable neglect as a ground for relief, the district court must consider "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 182 (3d Cir. 2000) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). We have imposed a "duty of explanation" on district courts examining a Rule 60(b)(1) excusable neglect motion, meaning they must "entertain[] an analysis of the [Pioneer] factors." Id. District courts must therefore review the Pioneer factors and memorialize their analysis; when they fail to do so, the Court may remand and order them to articulate their reasoning. Id.

4

Here, the District Court provided no reasoning to support its decision to deny Hart's motion to vacate. Under these circumstances, we cannot conclude that the District Court's decision was a proper exercise of its discretion. Consequently, we will vacate the judgment and remand for the District Court to apply the Pioneer factors in the first instance, and to otherwise conduct further proceedings consistent with this opinion.