**DLD-118**                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2108
_____

JOHN HART,
                    Appellant

v.

CHRISTOPHER H. OPPMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; GILMORE, CORRECTIONAL OFFICER, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; C. J. MCKEOWN, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; MICHAEL MAHLMEISTER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; LISA GRAVES, INDIVIDUALLY AND IN
HER CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; BRIAN THOMPSON; ROBIN LEWIS, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA
DEPARTMENT OF CORRRECTIONS; BROMLEY, Sergeant, OFFICER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; ROBERT GRAVES,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; PAUL G. THERIAULT;
DORINA VARNER; DENISE THOMAS, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; GERALD ROZUM, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; JACK LOUGHRY, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; JOSEPH JOZEFCZYK, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; JOSEPH DUPONT, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF

CORRECTIONS; MELANIE PYLE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOSEPH BIANCONI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BARRY GRUBB, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; EDWARD MULLIGAN; DAVID CLIPPINGER; MICHAEL WENEROWICZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; STEPHEN CAMPBELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; PETERSON, Correction Officer, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JEAN WAMPFLER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS AN EMPLOYEE OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-01367)
District Judge: Honorable Petrese B. Tucker

———————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed:  April 2, 2019)

————————

OPINION[*]

————————

PER CURIAM

Pro se appellant John Hart appeals from the District Court's order denying his motion under Federal Rule of Civil Procedure 60(b) seeking to vacate the order dismissing his case for lack of prosecution and to have his civil action reopened. Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

Hart brought a civil rights suit in the District Court in March 2014 against twenty-five officials from multiple state correctional institutions where he had been imprisoned. Despite an enlargement of time, Hart had difficulty serving the bulk of the defendants. Eventually, in an order entered on October 9, 2015, the District Court dismissed the case for lack of prosecution. In March 2016, Hart filed a Rule 60(b) motion seeking to vacate that dismissal order. The District Court denied the motion without providing any reasoning or analysis. An appeal followed.

On appeal, we noted that Hart's motion to vacate raised excusable neglect as a basis for relief from the District Court's dismissal order. See Hart v. Oppman, 703 F. App'x 146, 148 (3d Cir. 2017). As such, the District Court was under a "duty of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

explanation" to entertain an analysis of the factors set forth in Pioneer Investment Services Co. v. Brunswick Associates. Ltd. Partnership, 507 U.S. 380, 395 (1993). See In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 182 (3d Cir. 2000). Since the District Court provided no reasoning to support its decision to deny Hart's motion to vacate, we were unable to conclude whether the District Court's decision was a proper exercise of its discretion. Accordingly, we vacated the judgment and remanded the matter for the District Court to apply the Pioneer factors in the first instance. See Hart, 703 F. App'x at 149. On remand, the District Court reconsidered Hart's Rule 60(b) motion and once again denied it in an order entered on May 10, 2018. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. An appeal from the denial of a Rule 60(b) motion, the filing of which does not toll the time to appeal the judgment, does not bring up the underlying judgment for review. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 n.3 (3d Cir. 2004). Because Hart's Rule 60(b) motion did not toll the time to appeal the October 2015 order dismissing the action for failure to prosecute, see Fed. R. App. P. 4(a)(4)(A)(vi), we lack jurisdiction over the District Court's October 2015 order. Therefore, we may examine only the District Court's May 2018 order denying Hart's Rule 60(b) motion. We review the District Court's denial of a Rule 60(b) motion for abuse of discretion, see Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011), and will not disturb the underlying decision unless it rests upon a clearly erroneous finding of fact or an errant conclusion of law or we are convinced that a clear error of judgment was made after a weighing of the Pioneer factors. See P.N. v.

4

Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006); Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993).

As noted previously, Hart's Rule 60(b) motion asserted that the matter should be reopened due to excusable neglect. Hart stated that he was incarcerated and limited in his access to facilities and persons needed to prosecute his civil action. See Rule 60(b) Mot. at 2, ¶ 2. He claimed that he believed the outstanding waivers would be signed and returned; thus, he ceased any further efforts to effectuate service on the remaining defendants. See id. at 4, ¶ 21. He further claimed that he believed the burden was on the defendants from SCI-Graterford who were personally served, as well as on the remaining defendants who he believed had accepted service of process, to answer his complaint. See Memorandum in Support of Rule 60(b) Motion at 4. Hart asserted that the delay had not been significant and that he should not be punished for his "oversight" as he was attempting to avoid costs and time by having the defendants waive service. See id. at 5. With respect to the delay in filing his Rule 60(b) motion, Hart alleged that he did not receive a copy of the District Court's October 2015 order until around the second week of March 2016. See id. at 3.

To determine excusable neglect under Rule 60(b), a court must take into account all relevant circumstances surrounding the party's delay or omission, including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith. Pioneer

Investment Services Co., 507 U.S. at 395; see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 n.7 (3d Cir. 1999) (stating that the Pioneer analysis of excusable neglect applies in the context of deciding a Rule 60(b) motion).

The conclusions of the District Court's Pioneer analysis are set forth at length in its May 2018 order and we need not repeat them here. Briefly, the District Court describes, inter alia, the length of the delay caused by the manner in which Hart went about effectuating service on the few defendants who were served, the number of defendants who have yet to be served, the possible prejudice that defendants may face as a result, the length of Hart's delay in requesting relief under Rule 60(b), the impact of all the delays on the court's strong interest in case management, and the inadequacy of the reasons proffered by Hart. Applying the factors set forth in Pioneer, we conclude that the District Court did not abuse its discretion in denying Hart's Rule 60(b) motion as we find no errors here. The right law was applied, and there are no clearly erroneous findings of fact or obvious errors in judgment. See Hanover Potato Prods., Inc., 989 F.2d at 127.

We would add that Hart's complaints about his status as an incarcerated litigant are unavailing and disingenuous. From the outset, Hart provided a mailing address outside of the Pennsylvania Department of Corrections for use in this litigation. Furthermore, he relied upon the assistance of a person he purportedly appointed as his Power of Attorney for purposes of communicating with defendants and their representatives and for facilitating the service obligations associated with his civil complaint. There is no indication on the District Court docket that the court's order of

dismissal was returned as undeliverable, nor is there any suggestion that information related to the continued waiver/service issues he encountered did not reach him. As Hart himself acknowledges, he simply "ceased any further efforts to effectuate service" despite having failed to receive the waivers from the remaining defendants. We cannot fault the District Court for rejecting Hart's conclusion that this was a mere "oversight" resulting from his attempt to avoid costs and time by having the defendants waive service. Thus, on the record presented, the District Court did not abuse its discretion in concluding that Hart's neglect is not excusable and in denying the motion.

As this appeal presents no substantial question, we will affirm the District Court's decision denying Hart's Rule 60(b) motion. See Third Circuit LAR 27.4 and I.O.P. 10.6.